IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| KRAUS-ANDERSON CAPITAL, INC., | ) ) ) |
| Appellant, | ) ) No. 4:14-cv-00937-NKL |
| v. | ) ) |
| JOHN BOSCO DONOHUE, | ) ) |
| Appellee. | ) |

**ORDER**

Kraus-Anderson Capital, Inc. appeals the Bankruptcy Court's[1] decision denying a continuance of the hearing of its adversary proceeding and dismissing the case, and subsequent denial of its motion to alter or amend. This Court affirms.

**I.     Statement of Facts**

John Bosco Donohue and Sheila Ann Donohue filed for bankruptcy in August 2012. In November 2012, Kraus-Anderson filed an adversary proceeding against the Donohues, claiming it had a security interest in some equipment leased to the Donohues' corporation; that the Donohues sold the equipment without notifying Kraus-Anderson and retained the proceeds; and that the Donohues' debts to Kraus-Anderson were not dischargeable due to the Donohues' fraudulent conduct or false representations in connection with the sale of the equipment and retention of the proceeds. Kraus-Anderson was represented in the adversary proceeding by Joseph Wentzell, a Minnesota attorney

---

[1] The Hon. Cynthia A. Norton.

admitted to practice *pro hac vice* by the bankruptcy court, and by Jill Olsen, a Missouri attorney appearing as local counsel.

When the adversary proceeding was first filed, the bankruptcy court issued an initial pretrial order, setting a trial date of February 23, 2013. The trial was continued. After a number of pretrial hearings and status conferences, trial was set for February 3, 2014. In December 2013, the parties finished briefing a summary judgment motion filed by Ms. Donohue and, in view of the upcoming pretrial conference of January 21, 2014, the bankruptcy court expedited its ruling on the motion, issuing a 16-page opinion on January 3, 2014. [Doc. 69, p. 10.][2] At the pretrial conference, Kraus-Anderson's counsel, Joseph Wentzell, requested a continuance, citing health issues of an employee in his office. The request was granted and trial was set for March 3, 2014, subject to the witness availability. Because the March date did not work for the Donohues, the trial was continued to April 28, 2014.

At the pretrial conference of April 21, 2014, Kraus-Anderson, through Mr. Wentzell, requested a continuance of the April 28 trial setting because Kraus-Anderson's chief witness was very ill. The bankruptcy court granted the motion and continued the trial to June 18, 2014. The bankruptcy court subsequently developed a scheduling conflict. The court's assistant sent an email to counsel, including Mr. Wentzell, with a new potential trial date, September 10-11, 2014. Mr. Wentzell confirmed by reply email that September 10 and 11, 2014 would work for him and his

---

[2] The order, granting summary judgment in Ms. Donohue's favor, was not appealed.

client. The bankruptcy court issued an order on June 2, 2014, setting the trial for September 10-11, 2014. The order was mailed to Mr. Wentzell, because he was not participating in electronic filing. Ms. Olsen was participating in electronic filing, and electronic notice of the order was sent to both Ms. Olsen and her assistant.

On September 9, 2014, Mr. Donohue filed notice of the service of a subpoena on Belinda Belcher, along with payment of fees. The subpoena, filed electronically, commanded Ms. Belcher to appear to testify at trial on September 10, 2104. [Doc. 48.]

On September 10, 2014, Mr. Donohue and his counsel, Bruce Strauss and James Baker, along with witnesses, appeared, ready for trial. No corporate representative of Kraus-Anderson appeared, nor did Mr. Wentzell, Ms. Olsen, or any witnesses. The bankruptcy court's assistant reached local counsel, Ms. Olsen, by phone. Ms. Olsen was preparing to board a plane for an out-of-state trip. The bankruptcy court noted that it had not excused Ms. Olsen from appearing at the trial. The court then phoned Mr. Wentzell, and made a record concerning the failure of anyone to appear for Kraus-Anderson. Mr. Wentzell made an oral motion for continuance. He expressed surprise; apologized to the court; noted that the trial had been continued a number of times; stated that the September 2014 trial setting had been mis-calendared by his office as September 18 and 19; explained that he had had a great deal of staff turnover in his office; offered to pay Mr. Donohue's counsel's fees and costs; and stated that the merit of the case, in contrast with the costs associated with preparing for a trial with few witnesses and that would not proceed, weighed in favor of continuing the trial so that the case could be decided on the merits. Mr. Donohue's attorney objected to the continuance, stating that Mr. Donohue

3

had had to live with the bankruptcy proceeding for years already, a substantial amount of time had been spent preparing for the trial, and the setting of September 10 and 11 was clear and known to everyone.

The bankruptcy court orally denied Mr. Wentzell's motion. The court stated that the trial setting date was known to all counsel and that Mr. Wentzell, Ms. Olsen, and Ms. Olsen's assistant had received notice. The court noted that the trial subpoena had been filed the day before. Further, the September setting was not the first trial setting and the case had dragged on for two years, with multiple trial settings. The court did not believe that Mr. Wentzell's offer to pay costs "was sufficient to compensate the debtor and his counsel for the delay, even though this [was] an innocent mistake." [Doc. 68, p. 12.] The court, "with reluctance," denied the motion to continue and stated that it would enter judgment in Mr. Donohue's favor. [*Id.*] A brief order and judgment in Mr. Donohue's favor were entered on September 17, 2014.

On September 30, 2014, Kraus-Anderson filed a motion under Fed. R. Civ. Pro. 59(e) to alter or amend, along with the affidavit of Mr. Wentzell. Mr. Donohue filed objections. The bankruptcy court heard argument on October 21, 2014. Mr. Wentzell argued that the case should be decided on the merits, and pointed out that the parties had worked cooperatively to prepare for trial. Ms. Olsen added that she was "aware of the trial date," but her "presence [at trial] was not expected by the client…or Mr. Wentzell. So, even if [she] had been present and not been out of town, [she] wouldn't have been prepared to try the case." [Doc. 69, p. 5.] Ms. Olsen added that she and Mr. Wentzell did not intentionally fail to appear for trial or fail to prosecute the case, "[i]t simply was a

4

matter of crossed signals, including his [Mr. Wentzell's] miscalendaring." [*Id.*]

The court announced that it would deny the motion to alter or amend. Bases for denial included that the September 10-11, 2014 trial setting was the fifth setting and continuances had already been granted at Mr. Wentzell's request; Mr. Wentzell and Ms. Olsen both had notice of the trial setting; Ms. Olsen, local counsel, had not been excused by the court from attending the trial; there was prejudice to the debtor from cost and expense of preparing for the trial; after almost two years of litigation, the debtor deserved to have determined whether he would obtain a fresh start from the debt; and the equities weighed in favor of the debtor who had appeared and was ready for trial. The court explicitly reviewed the obligations of local counsel who moves for admission of another to appear *pro hac vice*, including the requirement that local counsel "participate in the preparation and presentation of [the case] and [to] accept service of all papers served." [*Id.*, p. 8.] The court also recited the procedural history of the case, including that the court had expedited its ruling on the motion for summary judgment filed by Ms. Donohue, in view of the then-rapidly approaching trial setting. The limited purpose of Rule 59(e), the court stated, is to correct manifest errors of law or fact, or to present newly discovered evidence, and Kraus-Anderson did not meet that burden.

The bankruptcy court further stated that the motion could be construed as one under Rule 60(b), to set aside default judgment, and proceeded to examine whether relief was appropriate under that standard. Rule 60(b) permits a court to relieve a party from a final judgment on the basis of mistake, inadvertence, surprise or excusable neglect. But, the court stated, excusable neglect under the rule does not include ignorance or

carelessness on the part of an attorney. Further, the court stated, relief under the rule is an extraordinary remedy, granted only in exceptional circumstances. The court proceeded to examine four factors to determine whether relief under the rule was appropriate: danger of prejudice to the debtor; length of delay and potential impact on judicial proceedings; reason for the delay, including whether it was in the reasonable control of the movant; and whether the movant acted in good faith. The court noted that although Mr. Donohue argued for application of a "compelling reasons" standard, even under the lesser "excusable neglect" standard argued by Kraus-Anderson, the motion would still be denied. [*Id.,* p. 14.]

The court concluded Mr. Wentzell's reason—that his office assistant made a mistake—was not grounds to establish excusable neglect. Mr. Wentzell is the attorney and ethically charged with and responsible for his client's matters. Further, Mr. Wentzell in fact had actual knowledge of the date of the trial, because he exchanged emails about it with the court's courtroom deputy. Local counsel also had actual knowledge. The court also found "disingenuous" Mr. Wentzell's affidavit, in which he stated that after the pretrial conference of April 22, 2014, "an order came out thereafter changing the continued trial date from June 18 to September 10th." [*Id.*, p. 15.] The court stated that Mr. Wentzell's "statement deliberately omits Mr. Wentzell's agreement to change the date to accommodate the Court's change in schedule." [*Id.*]

The bankruptcy court found Mr. Donohue prejudiced, having prepared for trial with his counsel, issued a trial subpoena, and having faced the uncertainty of the proceeding and impact on his fresh start for two years. With respect to delay, the court

6

further noted that Kraus-Anderson filed its adversary proceeding on the last possible day, and its post-trial motion on the last possible day. Therefore, the court concluded, the second factor did not weigh in Kraus-Anderson's favor.

As for the third factor, reason for delay, Kraus-Anderson stated in its motion to alter or amend that "[t]he reason for the request for a continuance of the September 10, 2014 trial date was simply that plaintiff's counsel was under the misunderstanding that a date had not been set, because the parties had not agreed to a continued date." [*Id.*, p. 16.] The court "[found that] this statement simply is not true." [*Id.*] Mr. Wentzell agreed in an email reply to the courtroom deputy that the September 10 and 11 trial dates would work, he was sent a copy of the order setting those dates, and he stated during the phone call of September 10 that he had the trial on his calendar for the following week. Further, the court noted, local counsel's statement that she never expected to appear or participate in the trial, because that was not what the client expected, was contrary to the petition for admission *pro hac vice* she submitted on Mr. Wentzell's behalf. Nor had the court ever excused local counsel from appearing.

Finally, as for good faith, the court noted Mr. Wentzell's apology and "what had appeared to be his sincere shock on the date of the trial when the Court contacted him." [*Id,* p. 17.] However, that Mr. Wentzell had "in essence, refused to accept and acknowledge his ethical responsibility for supervising his staff and for calendaring matters and has been disingenuous in his statements in the motion, means that this Court cannot find that the motion was made in good faith." [*Id.,* pp. 17-18.] The court accordingly denied the motion.

## II. Jurisdiction

This Court has jurisdiction under 28 U.S.C. §158(a) (1) (district courts may hear appeals from final orders of bankruptcy courts). The Bankruptcy Court's Order and Judgment of September 17, 2014 and Order of October 21, 2104 resolved the adversary proceeding in its entirety, and are therefore final for purposes of appeal.

## III. Issues on Appeal

Kraus-Anderson identifies two issues on appeal:

> 1. Whether the Bankruptcy Court erred in its Order [doc. 49] denying Kraus-Anderson's oral Motion for Continuance and its Order and Judgment [doc. 50] when it levied the ultimate sanction against Kraus-Anderson and entered judgment in favor of Mr. Donohue because Kraus-Anderson did not appear in court on the day scheduled for trial; and
> 2. Whether the Bankruptcy Court erred in its Order [doc. 65] denying Kraus-Anderson's Motion to Alter or Amend Judgment [doc. 55].

[Doc. 6, p. 6.]

## IV. Standard of Review

Whether to grant or deny a motion for continuance is a decision within the sound discretion of the trial court, and its decision may not be set aside absent an abuse of that discretion. *DiMercurio v. Malcom,* 716 F.3d 1138, 1140 (8th Cir. 2013). A trial court's denial of a Rule 59(e) motion to alter or amend, or a Rule 60(b)(1) motion for relief from judgment, is also reviewed under an abuse of discretion standard. *U.S. v. Metropolitan St. Louis Sewer Dist.,* 440 F.3d 930, 933 (8th Cir. 2006). A court abuses its discretion only if its decision was based on clearly erroneous factual findings or erroneous legal

conclusions. *Hunter v. Underwood,* 362 F.3d 468, 474 (8th Cir. 2004). Reversal for abuse of discretion is only appropriate when, based on the entire record, the reviewing court forms the definite and firm conviction that a mistake has been made. *In re. Bowman,* 253 B.R. 233, 237 (8th Cir. B.A.P. 2000) (citing *Anderson v. City of Bessemer City,* 470 U.S. 564, 573 (1985)).

**V.    Discussion**

Kraus-Anderson sought discretionary relief in requesting a continuance below, and its motion under Rule 59(e) required it to carry the high burden of demonstrating manifest error of law or fact, or newly discovered evidence. The bankruptcy court on its own motion also considered Kraus-Anderson's motion as brought under Rule 60(b)(1) for relief from judgment, a rule that provides an extraordinary remedy, granted only in exceptional circumstances. The bankruptcy court concluded that Kraus-Anderson failed to demonstrate entitlement to a continuance or any post-trial relief. Now on review, Kraus-Anderson again faces a high hurdle, because its arguments depend on its demonstration of abuse of discretion. Having reviewed the record, the Court concludes the bankruptcy court did not abuse its discretion.

**A.  Motion for continuance[3]**

Continuances are generally disfavored, granted only upon the showing of a compelling reason. *U.S. v. Ware,* 890 F.2d 1008, 1010 (8th Cir. 1989). A reviewing court

---

[3] Although Kraus-Anderson identifies the bankruptcy court's denial of its motion for continuance as one of its two issues on appeal, it does not explicitly address the issue in its opening brief. It responds to Mr. Donohue's arguments concerning the continuance in its reply brief.

9

does "not take lightly the need for a [lower court] 'to advance its burdened docket,'" and examines the denial of a request for continuance in view of all the circumstances. *DiMercurio,* 716 F.3d at 1140 (citing and quoting *Hutchins v. A.G. Edwards & Sons, Inc.,* 116 F.3d 1256, 1260 (8th Cir. 1997)). In *Farmers Co-op. Corp. v. Senske & Son Transfer Co.,* 572 F.3d 492, 499 (8th Cir. 2009), the district court denied several motions for continuance filed by the defendant, based on the claim that he needed more time to prepare. The case had been pending for over two years, the trial date had been set for over a year, and the court had no openings on its calendar to reset the trial. *Id.* The circuit court found no abuse of discretion. *Id.*

In *Souder v. Owens-Corning Fiberglass Corp.,* 939 F.3d 647, 651-52 (8th Cir. 1991), the district court refused to grant a continuance to permit the plaintiff more time to produce evidence in response to a motion for summary judgment, because the plaintiff failed to demonstrate prejudice. The circuit court affirmed, noting that the district court had delayed hearing on the summary judgment motion for two years to accommodate the illness of the plaintiff's counsel. *Id.* at 651-52. The circuit court also noted that the plaintiff's counsel did not cite illness as the reason for failing to respond to the defendant's motion for summary judgment, but to the abrupt departure of a secretary and the inadequacy of the legal work of another person whom counsel had hired. *Id.* at 652. "These more mundane excuses for violating court rules do not normally constitute excusable neglect." *Id.* Accordingly, the district court's denial of the request for a continuance was not an abuse of discretion. *Id*.

Here, the bankruptcy court initially set a short schedule for completion of the adversary proceeding, setting it for trial in February 2013, only three months after filing. But the trial was continued several times, two years in total. Two of the requests for continuance were made solely by Kraus-Anderson's attorney, Mr. Wentzell, citing illness of his office staff, and then illness of a chief witness. Both Mr. Wentzell and local counsel, Ms. Olsen, had actual knowledge of the September 10, 2014 trial setting. Mr. Wentzell represented that he missed the trial because the date had been mis-calendared by his office staff. Ms. Olsen represented that she had not planned to come to the trial in any event, notwithstanding her responsibilities as local counsel and that she had not been excused by the bankruptcy court from appearing.

Whether Kraus-Anderson was prejudiced, that is, whether it had a meritorious claim against Mr. Donohue, Mr. Wentzell's explanation for missing the trial was in the nature of a "mundane excuse" that will not normally constitute excusable neglect. *See Souder,* 939 F.3d at 652. Further, the excuse offered by Ms. Olsen, Kraus-Anderson's other attorney, was not based on excusable neglect at all, and instead reflected disregard of her responsibilities as local counsel. Moreover, the bankruptcy court had already accommodated prior requests for continuance, but the case had dragged on for two years by the time of the September 2014 trial setting, and the debtor was entitled to some resolution of the claim. In view of all the circumstances, the bankruptcy court did not abuse its discretion in denying Kraus-Anderson's request for a continuance.

### B. Motion to alter or amend

The limited function of a Rule 59(e) motion to alter or amend is to correct

11

manifest errors of law or fact, or to present newly discovered evidence. *In re. Crystalin*, 293 B.R. 455, 465 (8th Cir. B.A.P. 2003) (and citations therein). Rule 59(e) affords relief under only extraordinary circumstances. *Id.* (citation omitted).

In *Crystalin*, the bankruptcy court denied the debtor's motion to assume, based in part on the bankruptcy court's conclusion that the debtor's lease, which was in default, was neither a favorable asset for purposes of the bankruptcy proceeding, nor attractive to third parties. 293 B.R. at 462. But near the time the bankruptcy court denied the motion to assume, the bankruptcy court also held that the lease was not in default. *Id.* at 465. The 8th Circuit B.A.P. reversed the bankruptcy court's denial of a motion to alter or amend, because extraordinary circumstances existed and the bankruptcy court had abused its discretion. *Id.*

Here, Kraus-Anderson presented in its Rule 59(e) motion no errors of law or fact, let alone manifest ones, nor newly discovered evidence. Kraus-Anderson in fact focuses the majority of its argument on Rule 60(b). No extraordinary circumstances existed and the bankruptcy court did not abuse its discretion in denying relief under Rule 59(e).

**C. Relief from final judgment, order or proceeding**

On its own motion, the bankruptcy court also examined Kraus-Anderson's motion under Rule 60(b)(1). *See In re. Crystalin*, 293 B.R. at 465 (bankruptcy court could elevate substance over form and consider a Rule 59(e) motion as one under Rule 60(b)). Rule 60(b)(1) permits a court to afford relief from a judgment entered because of "mistake, inadvertence, surprise or excusable neglect[.]" Kraus-Anderson focuses on excusable neglect. "Excusable neglect at its core requires a showing of good faith and a

12

reasonable basis for the failure to comply with the rules." *U.S. v. 20660 Lee Road, CA,* 496 F.Supp. 1012, 1017 (S.D. Iowa 2007).

Factors applicable in determining whether to grant relief under Rule 60(b) are, first, danger of prejudice to the non-moving party; second, length of delay and potential impact on judicial proceedings; third, the reason for the delay; and fourth, whether the movant acted in good faith. *In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation,* 496 F.3d 863, 866 (8th Cir. 2007) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 395 (1993)). But the "*Pioneer* factors do not carry equal weight; the reason for delay is a key factor in the analysis." *Guidant Corp.,* 496 F.3d at 866 (citing *Lowry v. McDonnell Douglas Corp.,* 211 F.3d 457, 463 (8th Cir. 2000)). Relief under Rule 60(b) is an extraordinary remedy. *Hunter v. Underwood,* 362 F.3d 468, 475 (8th Cir. 2004). "'Reversal of a district court's denial of a Rule 60(b) motion is rare because Rule 60(b) authorizes relief in only the most exceptional circumstances.'" *In re. Burival,* 449 B.R. 371, 377 (8th Cir. B.A.P. 2011) (quoting *Noah v. Bond Cold Storage,* 408 F.3d 1043, 1045 (8th Cir. 2005)).

Here, the key factor, reason for delay, decidedly cuts against a finding of excusable neglect. Both of Kraus-Anderson's attorneys had actual notice of the trial setting. Kraus-Anderson argues on appeal that Mr. Wentzell simply mis-calendared the date. Its other attorney, Ms. Olsen, told to the bankruptcy court that she never intended to participate in the trial, notwithstanding that she had signed Mr. Wentzell's petition for admission *pro hac vice* in which she acknowledged that she would participate in proceedings, and had never been excused by the court from attending the trial. Ms. Olsen

13

also blamed Mr. Wentzell for miscalendaring the trial setting. "[G]arden-variety attorney inattention" to a court's order setting trial does not constitute excusable neglect. *See. 20660 Lee Road, CA,* 496 F.Supp. at 1017. Additionally, Ms. Olsen's admission that she never intended to participate in the trial does not demonstrate the good faith and reasonable basis for failure to comply with the rules that a finding of excusable neglect under Rule 60(b)(1) requires. *See id.*

As for the other factors, Mr. Donohue, the non-moving party, was prejudiced. He spent time and resources in discovery and preparing for trial, had subpoenaed a witness, and was prepared to proceed. The adversary proceeding against him had also dragged on for two years and he was entitled to resolution of the matter, without additional delay. The good faith factor also cuts against Kraus-Anderson and was addressed in connection with the third factor, reason for delay. Additional reasons cause the good faith factor to cut against Kraus-Anderson. While Mr. Wentzell apologized to the bankruptcy court, and the bankruptcy court believed his apology to be sincere, the bankruptcy court also noted that Mr. Wentzell did not acknowledge his responsibility for his supervision of his staff and control of his client's matters. Furthermore, the bankruptcy court concluded that Mr. Wentzell's representation in the motion to alter or amend—that he was under the misunderstanding that a date had not been set—was simply not true, and that Mr. Wentzell was disingenuous in his affidavit, omitting the fact of his consent to the resetting of the trial from June 18, 2014 to September 10, 2014. Furthermore, this Court observes that nowhere in the record does it appear Ms. Olsen apologized to the bankruptcy court, or acknowledged her responsibility as local counsel pursuant to the

14

petition for admission *pro hac vice* that she signed on behalf of Mr. Wentzell.

As discussed above, the reason for delay cuts against Kraus-Anderson, as well as the other three factors. Based on the entire record, this Court cannot form a definite and firm conviction that a mistake has been made. The bankruptcy court did not abuse its discretion in denying relief under Rule 60(b).

## IV.     Conclusion

The bankruptcy court's orders and judgment are affirmed.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  <u>January 29, 2015</u>  
Jefferson City, Missouri